IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMMITT JONES, III, #227769, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-960-CSC |
| | ) | (WO) |
| | ) | |
| CHERMANE M. BASKIN, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Emmitt Jones, III, an indigent state inmate. In the complaint, Jones alleges that on August 10, 2018 the defendant, a correctional officer, used excessive force against him after he refused orders to shave. Doc. 1 at 3.

Pursuant to the orders of this court, the defendant filed a special report supported by relevant evidentiary materials, including affidavits, an incident report and medical records, in which he addresses the claim for relief presented by the plaintiff. The defendant admits he used force but only after the plaintiff refused his orders to shave and took a combative stance towards him. Doc. 7-2 at 1. The defendant also asserts that he used only the amount of force necessary to maintain security and gain the plaintiff's compliance with his orders. Doc. 7-2 at 1. Additionally, the body chart prepared immediately after the incident

---

[1] Pursuant to 28 U.S.C. § 636(c) the plaintiff consented to the Magistrate Judge conducting all proceedings and ordering the entry of final judgment.

1

establishes that the plaintiff suffered injuries consistent with the facts as presented by the defendant.

In light of the foregoing, the court issued an order directing the plaintiff to file a response to the defendant's written report. Doc. 10. The order advised the plaintiff that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 10 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 10 at 1 (emphasis in original). The time allotted the plaintiff for filing a response in compliance with the directives of this order expired on February 15, 2019. The plaintiff has failed to file a requisite response in opposition to the defendant's written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. In sum, the plaintiff is an indigent individual currently incarcerated in the Alabama prison system. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, the plaintiff's inaction in the face of the defendant's report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendant, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure

the plaintiff's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* 864 F.2d at 102.

For the above stated reasons, it is ORDERED that this case is DISMISSED without prejudice.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 28th day of February, 2019.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE